LAW OFFICES
# SPIRER & GOLDBERG, P.C.
7101 WISCONSIN AVENUE
SUITE 1201
BETHESDA, MD 20814

JULIAN H. SPIRER (DC,MD,NY)
FRED B. GOLDBERG (DC,MD,NY)
BRIAN M. LOWINGER (DC,MA,MD)

BARBARA MOIR CONDOS (DC,MD)
OF COUNSEL

G. FRANK RILEY III, PARALEGAL
ANGELIA J. WILLIAMS, PARALEGAL

(301) 654-3300
FAX: (301) 654-1109
TOLL FREE: (877) 627-0537
E-MAIL: spirgold@spirerandgoldberg.com

DC OFFICE
1050 17TH ST., NW
SUITE 1250
WASHINGTON, DC 20036

www.spirerandgoldberg.com

April 3, 2006

By e-mail and
first-class mail

Camilla C. McKinney, Esq.
Law Offices of Camilla C. McKinney, PLLC
1100 Fifteenth Street, N.W.
Suite 300
Washington, DC 20005

Re: Defamation and Violation of Contract and of Trade Secret Law

Dear Ms. McKinney:

    Our clients Hyde Park Communications, Inc. and, for this limited purpose, Jeffrey Sandman received Thursday by facsimile a letter from your client Paul DelPonte that contains defamatory statements and that evidences a breach by Mr. DelPonte of his employment agreement and of the District of Columbia and Maryland Trade Secrets Acts. D.C. Code, 36-401 et seq.; Md. Commercial Law Code Ann. § 11-1201 et seq. We write to ask that Mr. DelPonte immediately draft a notice of retraction and an apology and be prepared to send a copy of the notice and apology to any third parties to whom he may have sent his letter.

    If Mr. DelPonte declines to take such actions, our clients intend to seek an injunction and damages against Mr. DelPonte. Even if Mr. DelPonte takes such actions, our clients reserve the right to seek an injunction and damages for injuries caused.

    Under DC law, a statement is actionable if it represents the "publication of a defamatory falsehood with negligent...disregard for its truth or falsity." Lipscombe v. Crudup, 888 A.2d 1171, 1173 (D.C. 2005). "A statement is 'defamatory' if it tends to injure the plaintiff in his trade, profession or community standing, or lower him in the estimation of the community." Moss v. Stockard, 580 A.2d 1011, 1023 (D.C. 1990).

    Punitive damages may be recovered if the statement was "prompted by actual malice or ill will or was uttered with reckless or careless indifference to [the plaintiff's] rights and sensibilities." Manbeck v. Ostrowski, 128 U.S. App. D.C. 1 (D.C. Cir. 1967) (internal quotation marks omitted). A statement is considered to be made with malice when it is published "with

Camilla C. McKinney, Esq.
April 3, 2006
Page 2

reckless or callous disregard for whether it was true and its effect upon the reputation of the plaintiff." <u>Lipscombe</u>, 888 A.2d at 1173.

  Mr. DelPonte's statements are actionable, and they subject him to liability for punitive damages.

  First, they are false. The deadline of March 18 for the election for Mr. DelPonte to be covered for the month of April was not "artificial" or "randomly picked" and was not part of a "twisted game of Catch 22."

  Hyde Park has had no obligation to keep Mr. DelPonte on its health insurance policy. When Mr. DelPonte left the company's employ in December, he was told that the company could and would maintain his coverage for three months to the end of March. In my email to you of February 23, I presented a settlement proposal on behalf of the company that included an extension of coverage as a courtesy through June 2006 (after the company first learned that this was feasible), with an indication that the payments would have to be made by the 15th day of the previous month. In my email of March 9, the company extended the deadline for acceptance of the proposal and payment of the April premium to March 18. The deadline was intended to give Hyde Park sufficient notice so that either the premium could be sent in if the parties reached an agreement and Mr. DelPonte elected coverage or notice of termination could be delivered if no settlement was reached or Mr. DelPonte elected not to be covered.

  Our clients never received, directly or indirectly, any letter from you inquiring whether the March 18 deadline "was in fact correct." Instead, we received a letter dated March 23 confirming that Mr. DelPonte's health insurance would be lapsing (as was correct) and requesting notice only if our understanding were otherwise. We did not respond because our understanding agreed with yours.

  The statements are also defamatory. Words accusing someone of putting a minor's surgery at risk and of being uncaring and irresponsible tend to injure the accused in his trade, profession, and community standing. The same may be said of the statement as to "disturbing attempts to withhold company profits that have already been reported to the IRS." This language will be reasonably understood to mean that the company, contrary to fact, has failed to remit amounts actually owed to the IRS or a third party. Indeed, Mr. DelPonte himself clearly believed the words to be injurious or he would not have seen fit to send them to our clients' business associates, the media and others in the business community.

  Finally, the statements are malicious. They were published to a long list of people in the business community precisely because of the effect Mr. DelPonte believed they would have on our clients' reputation.

Camilla C. McKinney, Esq.
April 3, 2006
Page 3

     Mr. DelPonte's letter also represents a violation of Mr. DelPonte's employment contract and of the Uniform Trade Secrets Act. The letter improperly uses confidential information regarding the identity of Hyde Park's clients and seeks to exploit Mr. DelPonte's relationship with those clients for an improper purpose. In these respects, the letter represents as well a misappropriation of Hyde Park's trade secrets in breach of the Uniform Trade Secrets Act as adopted in D.C. and Maryland. These wrongful actions entitle Hyde Park to an injunction, treble damages, and attorneys' fees.

     If Mr. DelPonte does not deliver to us by noon Wednesday a retraction and an apology suitable for dissemination by him to all of the recipients of his letter, our clients will be taking all appropriate steps to protect their reputations and will be pursuing their full remedies against Mr. DelPonte. Even with the receipt of a suitable retraction and apology, our clients reserve the right to obtain an injunction and recover any damages.

                               Very truly yours,

                                 Julian H. Spirer

JHS:sj