**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HYDE PARK COMMUNICATIONS, INC. et al. )<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>PAUL DELPONTE )<br>)<br>    Defendant. ) | Case Number: _____ |

**PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, and Rule 65.1 of the Local Civil Rules, plaintiffs Hyde Park Communications, Inc. (hereinafter "Hyde Park") and Jeffrey Sandman (hereinafter "Sandman") respectfully request the Court issue a Temporary Restraining Order and a Preliminary Injunction that:

(1) Defendant Paul DelPonte (hereinafter "DelPonte") immediately be enjoined and restrained, whether alone or in concert with others, until hearing and thereafter until further Order of this Court, from doing any of the following:

(a) using, disclosing, or transmitting for any purpose, the information contained in the records of Hyde Park, but not limited to, the names, addresses, and other contact information of the representatives of Hyde Park's clients and members of the media with whom Hyde Park conducts business; and

(b) destroying, erasing or otherwise making unavailable for further proceedings in this matter, or any proceeding between the parties, any records or documents (including data or information maintained in computer media) in DelPonte's possession or control which were obtained from or contain information derived from any Hyde Park records, which pertain to Hyde Park's clients,

their representatives, and members of the media with whom Hyde Park conducts business on behalf of its clients.

 (2) DelPonte, and anyone acting in concert or participation with DelPonte, including DelPonte's counsel or any employer of DelPonte, be further ordered to return to Hyde Park's Washington, DC office a laptop computer furnished to him by Hyde Park for his use while an employee of Hyde Park, all contents thereof, and any and all information pertaining to Hyde Park's clients, their representatives, and members of the media with whom Hyde Park conducts business on behalf of its clients, whether in original, copied computerized, handwritten or any other form, within 24 hours of notice to DelPonte or his counsel of the terms of the Court's Order.

 (3) Hyde Park and Sandman be granted leave immediately to commence discovery, including depositions, in aid of Preliminary Injunction proceedings before the Court;

 (4) DelPonte be required to show cause before the Court on the ___ day of April, 2006 at _____, or as soon thereafter as counsel may be heard, why a Preliminary Injunction should not be ordered according to the terms and conditions set forth above.

 The bases for this motion are set forth more fully in the accompanying memorandum of law and in the accompanying affidavit.

 Counsel for Sandman and Hyde Park certifies, as required by Local Rule 7.1(m), that it has discussed this motion with opposing counsel in a good faith effort to determine whether there is any opposition to the relief sought and to narrow the areas of disagreement. The motion is _____.

Respectfully submitted,

SPIRER & GOLDBERG, P.C.

_____/s/_____
Fred B. Goldberg
Bar #279893
7101 Wisconsin Avenue
Suite 1201
Bethesda, MD 20814
Attorney for Plaintiffs

      I HEREBY CERTIFY that on this __10th__ day of April, 2006 I caused a copy of the foregoing Emergency Motion for Temporary Restraining Order and Preliminary Injunction and the Statement of Points and Authorities in support thereof were sent by first-class mail to

Camilla C McKinney  
Law Office of Camilla McKinney PLLC  
1100 15th Street NW  
Suite 300  
Washington DC 20005  

Attorney for Defendant

_____/s/_____  
Fred B. Goldberg