UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HYDE PARK COMMUNICATIONS, INC. <u>et al</u>. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case Number: _____ |
| ) | |
| PAUL DELPONTE ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' MOTION TO FILE DOCUMENT UNDER SEAL
AND FOR A PROTECTIVE ORDER AND STATEMENT OF POINTS
OF LAW AND AUTHORITY IN SUPPORT OF MOTION**

Come now Plaintiffs Hyde Park Communications, Inc. ("Hyde Park") and Jeffrey Sandman ("Sandman"), by and through their attorneys, and respectfully request the Court to receive under seal a letter sent by Defendant Paul DelPonte ("DelPonte") to Plaintiffs dated March 30, 2006 (the "March 30 Letter"), a copy of which is attached hereto as Exhibit A. As stated in the affidavit of Plaintiff Sandman filed with an accompanying motion for injunctive relief, a copy of which is attached hereto as Exhibit B, the list of "carbon copies" at the end of the Letter comprises a list of Hyde Park's contacts at many of Hyde Park's most important clients and with the mass media. Exhibit B, ¶¶ 27, 28.

The names of Hyde Park's "contact people" comprise "a trade secret or other confidential . . . commercial information" that can be the subject of a protective order pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure.

Plaintiffs have moved for a temporary restraining order to enjoin DelPonte from further

– 1 –

misuse of these trade secrets. Plaintiffs respectfully request this court to file under seal the copy of the March 30 Letter and to issue a protective order prohibiting disclosure of the March 30 Letter.

## STATEMENT OF POINTS OF LAW AND AUTHORITY

1. **Filing Under Seal and Protective Order Are Appropriate to Maintain Confidentiality of Trade Secrets**

Rule 26(c) of the Federal Rules of Civil Procedure states that a:

court . . . may make any order which justice require to protect a party or person from annoyance, embarrassment, oppression, or undue burden or exepense, including . . .

> (7) That a trade secret or other confidential . . . commercial information not be revealed or be revealed only in a designated way.

Fed. R. Civ. Pro. 26(c)(7).

It is well understood that the appropriate measure to protect a document containing trade secrets that is relevant to a court proceeding is for the court to allow the document to be filed under seal and to issue a protective order prohibiting disclosure of the documents. See, e.g., Jazz Photo Corp. v. United States, 439 F.3d 1344, __ (Fed. Cir. 2006) ( The trial court did not abuse its discretion in entering a protective order "restricting the disclosure of confidential . . . information, and placing such information and documents under seal[,]" relying on Rule 26(c)(7) of the U.S. Court of International Trade, which is substantially identical to Rule 26(c)(7) of the Federal Rules of Civil Procedure quoted above.)

2. **Two-Prong Test for Filing Under Seal and Granting Protective Order**

Courts have adopted a two-prong test for granting protection under Rule 26(c)(7):

> [T]he movant must show that: (1) the interest for which protection is sought is an actual trade secret or other confidential business information protected under the rule; and (2) there is good cause for the entry of a protective order.

Hamilton v. State Farm Mut. Auto. Ins. Co., 204 F.R.D. 420 (S.D. Ind. 2001) (citations omitted).

### a. March 30 Letter Includes Trade Secrets

The "carbon copy" list of addressees that DelPonte appended to the March 30 Letter comprised several representatives of Hyde Park's most important clients and representatives of the media with whom Hyde Part does business. Exhibit B, ¶ 27. These individuals included the contacts of clients of Hyde Park that have been responsible for generating more than fifty percent (50%) of Hyde Park's historic revenue and principal media contacts of the company. Id. at ¶ 28.

This Court has recognized that a financial services firm's client list and customer information is worthy of trade secret protection under the D.C. Trade Secrets Act, title 36 of the District of Columbia Code, sections 401 et. seq. (the "Trade Secrets Act"). Morgan Stanley DW Inc. v. Rothe, 150 F. Supp. 2d 67, 77 (D.D.C. 2001). Other jurisdictions have held specifically that client "contact" customer information is entitled to trade secret protection under the substantially identical trade secrets laws. See North Atl. Instruments, Inc. v. Haber, 188 F.3d 38, 44-45 (2d Cir. 1999) (while the list of clients of an engineering firm was not a trade secret, since the list could be developed from public sources, "the identities of individual contact people" with whom the defendant employee dealt while with the firm "were protectable trade secrets" in that this information was "'not readily available' to others in the industry"); see also Pac. Aero. & Elecs., Inc. v. Taylor, 295 F. Supp. 2d 1188, 1200-02 (D. Wash. 2003) ("[t]he court finds that [plaintiff employer] will have probable success showing that . . . the identities of individual contact people with whom [the defendant employee] dealt with at [plaintiff company] as protectable trade

secrets"); Webcraft Technologies, Inc. v. McCaw, 674 F. Supp. 1039, 1046 (S.D.N.Y. 1987) (the contacts list "is data collected on behalf of and at the expense of [the plaintiff employer]. It is not generally available information; it is maintained in confidence and is valuable to a competitor. [The plaintiff employer] is likely to succeed on the merits in showing that the contacts list qualifies as a trade secret.").

The contacts list that DelPonte included in the March 30 Letter are trade secrets under the D.C. Trade Secrets Act and are worthy of the protections accorded by Rule 26(c)(7) of the Federal Rules of Civil Procedure.

    **b.**    **There is Good Cause to Protect the Trade Secrets from Disclosure**

The second prong of the test requires a demonstration "that good cause exists for the entry of a protective order." Hamilton v. State Farm, 204 F.R.D. at 424.  The Hamilton court explains further that

> Determining whether good cause exists "requires a balancing of the potential harm to litigants' interests against the public's right to obtain information concerning judicial proceedings." Makar-Wellbon v. Sony Electronics, Inc. 187 F.R.D. 576, 577 (E.D. Wis. 1999). . . .  The moving party must show "that disclosure will work a clearly defined and serious injury." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3rd. Cir. 1994).  See, e.g., Anderson v. Cryovac, 805 F.2d 1, 7 (1st Cir. 1986) (good cause must be based on specific factual determinations or potential harm, not on conclusory statements).

Id.

In the instant case, disclosure of the specific representatives of clients and former clients and representative of the media would work severe harm on Hyde Park.  Hyde Park does not share information related to its clients' representatives and the members of the media with whom Hyde Park works.  It protects this information through confidentiality provisions in agreements

with all of its executives, including such an agreement with DelPonte, and through a policy on non-disclosure included in its employment manual. This information is of incalculable value to Hyde Park in maintaining client relations, soliciting additional work, and promoting client interests to the media.

Hyde Park's clients expect the information that they submit to Hyde Park will remain confidential. Specifically, Hyde Park's work with each client requires that the client share essential information, including information about their finances, litigation, public investigations, financial difficulties, campaigns, etc. This client information is highly sensitive, and Hyde Park needs the client to feel at ease in sharing it with Hyde Park in order for Hyde Park to develop carefully scripted messages that are communicated with the public. If the information is misused, then the trust will be broken and the client will begin to feel that its confidences are not safe with Hyde Park and that Hyde Park will not be able to provide quality services. Such a loss of client threatens the very existence of Hyde Park's business and merits a finding of good cause. The harm that would be inflicted on Hyde Park and Sandman by disclosure of the "contact people" identified in the March 30 Letter far outweighs the public's right to obtain information about judicial proceedings in general or about this case specifically. Withholding of that limited list of names of individuals who themselves are not involved in the litigation will not diminish the public's access to all other details about these proceedings.

**CONCLUSION**

The March 30 Letter contains "contact people" information about representatives of Plaintiffs' clients and former clients and representatives of the media with which Hyde Park and Sandman work closely and represent a significant portion of the historic revenues earned by Hyde

Park. This "contact list" constitutes trade secrets under the D.C. Trade Secrets Act that are appropriately protected from disclosure under section 26(c)(7) of the Federal Rules of Civil Procedure. The Disclosure of that trade secret would harm Hyde Park and Sandman significantly. Accordingly, good cause exists for entry of a protective order prohibiting disclosure of the March 30 Letter. Plaintiffs respectfully request this Court to accept the filing of the March 30 Letter under seal and to issue a protective order prohibiting disclosure of that document until further order of this Court.

    Respectfully submitted,
    SPIRER & GOLDBERG, P.C.

    _____/s/_____
    Fred B. Goldberg
    Bar #279893
    7101 Wisconsin Avenue
    Suite 1201
    Bethesda, MD 20814
    Attorney for Plaintiffs

     I HEREBY CERTIFY that on this __10th__ day of April, 2006 I caused a copy of the foregoing Motion to File Document Under Seal and for a Protective Order and Statement of Points of Law and Authority in support thereof were sent by first-class mail t:o:

Camilla C. McKinney  
Law Office of Camilla McKinney PLLC  
1100 15th Street NW  
Suite 300  
Washington DC 20005  

Attorney for Defendant

                                                                                                          /s/  
                                                                                                     Fred B. Goldberg