## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| HYDE PARK COMMUNICATIONS, INC., et al. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-00655 (HHK) |
| PAUL DELPONTE | ) ) | |
| Defendant. | ) ) ) | |

---

### DEFENDANT'S ANSWER TO PLAINTIFFS COMPLAINT AND COUNTERCLAIMS AGAINST PLAINTIFFS HYDE PARK COMMUNICATIONS, INC. AND JEFFREY SANDMAN
(Breach of Employment Contract; Breach of Contract; Breach of Operating Agreement; Breach of Shareholder Agreement; Defamation; Breach of Duty of Good Faith and Fair Dealing; Breach of Loyalty and Care; Breach of Fiduciary Duty to Shareholder; Negligent Misrepresentation)

Defendant, Paul DelPonte ("DelPonte"), by and through undersigned counsel, hereby Answer and respond to the allegations in Plaintiffs' Complaint and files Counterclaims against Plaintiffs Hyde Park Communications, Inc. and Jeffrey Sandman as follows:

### FIRST DEFENSE: ADMISSIONS AND DENIALS

#### Complaint

The allegations contained in the first unnumbered paragraph of the Complaint state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and DelPonte specifically denies that he violated any statute, contract or any other common law claim or allegation asserted by Plaintiff. DelPonte further denies that there was any actionable act, omission and/or injury.

DelPonte further denies that he has any liability to Plaintiff regarding any of the claims or assertions in the Complaint.

Parties

1.    DelPonte admits the averments of Paragraph 1 of the Complaint.

2.    DelPonte admits that Plaintiff Jeffery Sandman is an adult.   DelPonte is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 2, and therefore, denies the same.

3.    DelPonte admits the averments of Paragraph 3 of the Complaint.

Jurisdiction and Venue

4.    The allegations contained in Paragraph 4 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

5.    The allegations contained in Paragraph 5 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

6.    The allegations contained in Paragraph 6 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

7.    The allegations contained in Paragraph 7 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

<u>Allegations of Fact Common to All Claims</u>

8.     DelPonte admits the averments of Paragraph 8 of the Complaint.

9.     DelPonte admits the averments of Paragraph 9 of the Complaint.

10.    DelPonte admits that he was an employee of Hyde Park.  DelPonte further

states that he was an officer, owner and shareholder of Hyde Park and

continues to be an owner/shareholder.   DelPonte denies the remaining

averments in Paragraph 10 of the Complaint.

11.    DelPonte admits that he is a shareholder of Hyde Park.  The Shareholder

Agreement is a document that speaks for itself, which is not attached to the

Complaint, and to which no response is required.  To the extent a response is

required, DelPonte denies the remaining averments in Paragraph 11 of the

Complaint.

12.    DelPonte admits that Sandman is a shareholder of Hyde Park.  The

Shareholder Agreement is a document that speaks for itself, which is not

attached to the Complaint, and to which no response is required.  To the extent

a response is required, DelPonte denies the remaining averments in Paragraph

12 of the Complaint.

13.    DelPonte admits that he had an Employment Agreement with Hyde Park.  The

Employment Agreement is a document that speaks for itself and to which no

response is required.  To the extent a response is required, DelPonte denies the

remaining averments in Paragraph 13 of the Complaint.

14.    DelPonte is without sufficient information to either admit or deny the

averments in Paragraph 14 of the Complaint, and therefore denies the

allegations.

15.     DelPonte admits that he had an Employment Agreement with Hyde Park.  The Employment Agreement is a document that speaks for itself and to which no response is required.  To the extent a response is required, DelPonte denies the remaining averments in Paragraph 15 of the Complaint.

16.     DelPonte admits that he had an Employment Agreement with Hyde Park.  DelPonte denies that Plaintiffs are entitled to damages. The Employment Agreement is a document that speaks for itself and to which no response is required.  To the extent a response is required, DelPonte denies the remaining averments in Paragraph 16 of the Complaint.

17.     DelPonte denies that he signed a restrictive covenant and/or employee manual.  The employee manual is a document that speaks for itself and to which no response is required.  To the extent a response is required, DelPonte denies the averments in Paragraph 17 of the Complaint.

18.     DelPonte admits that he was an employee of Hyde Park and that Plaintiffs terminated his employment.  DelPonte further states that he was an officer, owner and shareholder of Hyde Park and continues to be an owner/shareholder.  DelPonte denies the remaining averments in Paragraph 18 of the Complaint.

19.     DelPonte admits that Plaintiffs owe him back salary and dividends for his stock.  DelPonte further states that Plaintiffs are additionally liable to him for the Counterclaims set forth herein.  DelPonte is without sufficient information to either admit or deny the remaining averments in Paragraph 19 of the

Complaint, and therefore denies the allegations.

20.    DelPonte admits that he is a shareholder of Hyde Park and that Plaintiffs owe him money for the purchase and/or dividends for his stock.  The Shareholder Agreement is a document that speaks for itself, which is not attached to the Complaint, and to which no response is required.  To the extent a response is required, DelPonte denies the remaining averments in Paragraph 20 of the Complaint.

21.    DelPonte admits that the parties have attempted to resolve their dispute and that such discussions are inadmissible pursuant to FRE 408.   DelPonte is without sufficient information to either admit or deny the remaining averments in Paragraph 21 of the Complaint, and therefore denies the allegations.

22.    DelPonte admits that he sent a letter to Plaintiff Sandman on March 30, 2006 via facsimile.  DelPonte denies that he breached the Employment Agreement or violated the DC Uniform Trade Secrets Acts.  The March 30, 2006 letter is a document that speaks for itself to which no response is required.  To the extent a response is required, DelPonte denies the remaining averments in Paragraph 22 of the Complaint.

23.    DelPonte admits that he sent a letter to Plaintiff Sandman on March 30, 2006.  DelPonte denies that he made false assertions.  The March 30, 2006 letter is a document that speaks for itself to which no response is required.  To the extent a response is required, DelPonte denies the remaining averments in Paragraph 23 of the Complaint.

24.  DelPonte is without sufficient information to either admit or deny the averments in Paragraph 24 of the Complaint, and therefore denies the allegations.

25.  DelPonte admits that he sent a letter to Plaintiff Sandman on March 30, 2006. DelPonte denies that he made false assertions. The March 30, 2006 letter is a document that speaks for itself to which no response is required. To the extent a response is required, DelPonte denies the remaining averments in Paragraph 25 of the Complaint.

26.  DelPonte admits that he was an employee of Hyde Park and that Plaintiffs terminated his employment. DelPonte further states that he was an officer, owner and shareholder of Hyde Park and continues to be an owner/shareholder. DelPonte is without sufficient information to either admit or deny the remaining averments in Paragraph 26 of the Complaint, and therefore denies the allegations.

27.  DelPonte admits that the parties have attempted to resolve their dispute and that such discussions are inadmissible pursuant to FRE 408. DelPonte is without sufficient information to either admit or deny the remaining averments in Paragraph 27 of the Complaint, and therefore denies the allegations.

28.  DelPonte admits that the parties have attempted to resolve their dispute and that such discussions are inadmissible pursuant to FRE 408. DelPonte is without sufficient information to either admit or deny the remaining averments in Paragraph 28 of the Complaint, and therefore denies the

allegations.

29.    DelPonte admits that he sent a letter to Plaintiff Sandman on March 30, 2006.

DelPonte denies that he made false assertions.  The March 30, 2006 letter is a

document that speaks for itself to which no response is required.  To the

extent a response is required, DelPonte denies the remaining averments in

Paragraph 29 of the Complaint.

30.    DelPonte admits that the parties have attempted to resolve their dispute and

that such discussions are inadmissible pursuant to FRE 408.  DelPonte is

without sufficient information to either admit or deny the remaining

averments in Paragraph 30 of the Complaint, and therefore denies the

allegations.

31.    DelPonte admits that he sent a letter to Plaintiff Sandman on March 30, 2006.

DelPonte denies that he made false assertions.  The March 30, 2006 letter is a

document that speaks for itself to which no response is required.  To the

extent a response is required, DelPonte denies the remaining averments in

Paragraph 31 of the Complaint.

32.    DelPonte is without sufficient information to either admit or deny the

averments in Paragraph 32 of the Complaint, and therefore denies the

allegations.  DelPonte further states that Plaintiffs are additionally liable to

him for the Counterclaims set forth herein.

33.    DelPonte admits that he sent a letter to Plaintiff Sandman on March 30, 2006.

DelPonte denies that he sent the March 30, 2006 letter to anyone other than

Plaintiff Sandman.  DelPonte denies the remaining averments in Paragraph 33

- 7 -

of the Complaint.

34.　　DelPonte is without sufficient information to either admit or deny the averments in Paragraph 34 of the Complaint, and therefore denies the allegations.

35.　　DelPonte is without sufficient information to either admit or deny the averments in Paragraph 35 of the Complaint, and therefore denies the allegations.

36.　　DelPonte is without sufficient information to either admit or deny the averments in Paragraph 36 of the Complaint, and therefore denies the allegations.

37.　　DelPonte admits that Hyde Park's attorney sent a letter to DelPonte's attorney which was dated April 3, 2006.  The letter dated April 3, 2006 is a document that speaks for itself to which no response is required.  To the extent a response is required, DelPonte denies the remaining averments in Paragraph 37 of the Complaint.

38.　　DelPonte admits that Hyde Park's attorney sent a letter to DelPonte's attorney which was dated April 3, 2006.  The letter dated April 3, 2006 is a document that speaks for itself to which no response is required.  To the extent a response is required, DelPonte denies the remaining averments in Paragraph 38 of the Complaint.

39.　　DelPonte admits that DelPonte's attorney sent Hyde Park's attorney a letter on April 5, 2006.  The April 5, 2006 letter is a document that speaks for itself to which no response is required.  To the extent a response is required, DelPonte

denies the remaining averments in Paragraph 39 of the Complaint.

40.    DelPonte admits that DelPonte's attorney sent Hyde Park's attorney a letter on April 5, 2006.  The April 5, 2006 letter is a document that speaks for itself to which no response is required.  To the extent a response is required, DelPonte denies the remaining averments in Paragraph 40 of the Complaint.

41.    DelPonte admits that he was in possession of a laptop computer which he obtained during the time he was employed with Hyde Park and that he is no longer in possession of this laptop computer.  DelPonte is without sufficient information to either admit or deny the averments in Paragraph 41 of the Complaint, and therefore denies the allegations.

42.    DelPonte admits that he was in possession of a laptop computer which he obtained during the time he was employed with Hyde Park.  DelPonte denies that the laptop computer has not been returned to Hyde Park.  DelPonte is without sufficient information to either admit or deny the averments in Paragraph 42 of the Complaint, and therefore denies the allegations.

43.    DelPonte is without sufficient information to either admit or deny the averments in Paragraph 43 of the Complaint, and therefore denies the allegations.

44.    DelPonte admits that he had an Employment Agreement with Hyde Park.  DelPonte denies that Plaintiffs are entitled to liquidated damages.  The Employment Agreement is a document that speaks for itself and to which no response is required.  To the extent a response is required, DelPonte denies the remaining averments in Paragraph 44 of the Complaint.

<u>Count One – Breach of Contract</u>

45.     DelPonte incorporates by reference his responses to Paragraphs 1-45 of the Complaint. DelPonte denies the remaining averments in Paragraph 45 of the Complaint.

46.     DelPonte denies the allegations in Paragraph 46 of the Complaint.

47.     DelPonte denies the allegations in Paragraph 47 of the Complaint.

48.     DelPonte denies the allegations in Paragraph 48 of the Complaint, denies each and every averment not expressly admitted in this Answer and further denies that the Plaintiffs are entitled to any relief based on the matters alleged in the Complaint.

<u>Count Two – Intentional Infliction of Emotional Distress</u>

49.     DelPonte incorporates by reference his responses to Paragraphs 1-48 of the Complaint. DelPonte denies the remaining averments in Paragraph 49 of the Complaint.

50.     DelPonte denies the allegations in Paragraph 50 of the Complaint.

51.     DelPonte denies the allegations in Paragraph 51 of the Complaint.

52.     DelPonte denies the allegations in Paragraph 52 of the Complaint, denies each and every averment not expressly admitted in this Answer and further denies that the Plaintiffs are entitled to any relief based on the matters alleged in the Complaint.

<u>Count Three – Misappropriation of Trade Secrets, DC Code 36-401, et seq.</u>

53.     DelPonte incorporates by reference his responses to Paragraphs 1-52 of the Complaint. DelPonte denies the remaining averments in Paragraph 53 of the

Complaint.

54.    DelPonte denies the allegations in Paragraph 54 of the Complaint.

55.    DelPonte denies the allegations in Paragraph 55 of the Complaint.

56.    DelPonte denies the allegations in Paragraph 56 of the Complaint.

57.    DelPonte denies the allegations in Paragraph 57 of the Complaint.

58.    DelPonte denies the allegations in Paragraph 58 of the Complaint.

59.    DelPonte denies the allegations in Paragraph 59 of the Complaint.

60.    DelPonte denies the allegations in Paragraph 60 of the Complaint.

61.    DelPonte denies the allegations in Paragraph 61 of the Complaint, denies each and every averment not expressly admitted in this Answer and further denies that the Plaintiffs are entitled to any relief based on the matters alleged in the Complaint.

<u>Count Four – Replevin</u>

This issue is moot as DelPonte is no longer in possession of the laptop computer that is the basis of this claim.  To the extent a response is required, DelPonte sets forth the following:

62.    DelPonte incorporates by reference his responses to Paragraphs 1-61 of the Complaint.  DelPonte denies the remaining averments in Paragraph 62 of the Complaint.

63.    DelPonte denies the allegations in Paragraph 63 of the Complaint.

64.    DelPonte denies the allegations in Paragraph 64 of the Complaint.

65.    DelPonte denies the allegations in Paragraph 65 of the Complaint, denies each and every averment not expressly admitted in this Answer and further denies

that the Plaintiffs are entitled to any relief based on the matters alleged in the Complaint.

<u>Count Five – Declaratory Judgment</u>

66.    DelPonte incorporates by reference his responses to Paragraphs 1-65 of the Complaint.  DelPonte denies the remaining averments in Paragraph 66 of the Complaint.

67.    DelPonte denies the allegations in Paragraph 67 of the Complaint.

68.    DelPonte denies the allegations in Paragraph 68 of the Complaint.

69.    DelPonte denies the allegations in Paragraph 69 of the Complaint.

70.    DelPonte denies the allegations in Paragraph 70 of the Complaint.

71.    DelPonte denies the allegations in Paragraph 65 of the Complaint, denies each and every averment not expressly admitted in this Answer and further denies that the Plaintiffs are entitled to any relief based on the matters alleged in the Complaint.

**AFFIRMATIVE DEFENSES**

**SECOND DEFENSE**

1.  The Complaint fails to state a cause of action upon which relief can be granted.

**THIRD DEFENSE**

2.  Plaintiffs are contributorily negligent and that said negligence bars any recovery in this action.

**FOURTH DEFENSE**

3.  Plaintiffs have suffered no damages or harm as result of the allegations in the Complaint.

**FIFTH DEFENSE**

4.  Plaintiffs have failed to provide strict proof of Plaintiffs' alleged injuries and/or damages.

**SIXTH DEFENSE**

5.  The claims set forth in the Complaint are barred by the doctrines of waiver, failure to exhaust administrative remedies, estoppel, laches, accord and satisfaction, and any other equitable defense found to be factually merited during the course of discovery in, or the trial of, this action.

**SEVENTH DEFENSE**

6.  The claims in the Complaint are barred to the extent they seek relief for events outside of the applicable statute of limitations.

**EIGHTH DEFENSE**

7.  Plaintiffs' claims are barred by lack of personal and subject matter jurisdiction.

**NINTH DEFENSE**

8.  Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have failed to mitigate damages, of any.

**TENTH DEFENSE**

9.  Plaintiffs' claims are barred by the doctrine of waiver and consent.

**ELEVENTH DEFENSE**

10. In the event there is a prior or subsequent suit involving the same parties arising out of the same facts set forth in the Complaint, said action is a bar to the present Complaint under the doctrines of res judicata and/or collateral estoppel.

## TWELFTH DEFENSE

11. Defendant reserves the right to amend his Answer, to add additional or other defenses, to delete or withdraw defenses; and to add and/or amend his Counterclaims after reasonable opportunity for appropriate discovery.

WHEREFORE, having fully answered, Defendant DelPonte respectfully requests that the Court enter judgment in its favor, dismiss Plaintiffs' Complaint with prejudice, and award Defendant costs, expenses, attorneys' fees, and such other additional relief as the Court may deem appropriate.

## COUNTERCLAIMS AGAINST PLAINTIFFS HYDE PARK COMMUNICATIONS, INC. AND JEFFREY SANDMAN

Defendant, Paul DelPonte, by and through his undersigned counsel, brings these Counterclaims against Plaintiffs Hyde Park Communications, Inc. and Jeffrey Sandman.

Defendant DelPonte seeks damages and relief against Plaintiffs for Breach of Employment Contract; Breach of Contract; Breach of Operating Agreement; Breach of Shareholder Agreement; Defamation; Breach of Duty of Good Faith and Fair Dealing; Breach of Loyalty and Care; Breach of Fiduciary Duty to Shareholder; and Negligent Misrepresentation. These claims arise under the same diversity jurisdiction as the Complaint, involve the exact same parties and arise out of the same transactions, occurrences and issues of fact and law that are the subject of Plaintiffs' Complaint. There is a logical relationship between the Plaintiffs' claims and Defendants' Counterclaims such that substantially the same evidence would support or refute both claims. In further support thereof, Defendant states the following:

1.  DelPonte founded Hyde Park in February 2000 along with Sandman. DelPonte is a part owner, shareholder and employee of the company along with Sandman.

2.  During the course of DelPonte's business relationship with Plaintiffs, he entered into an Employment Agreement and Operating Agreement. Plaintiffs further made other promises and representations concerning DelPonte's salary, employment benefits, profit disbursements, ownership in the company and other such issues arising from his business relationship with Plaintiffs. Plaintiffs breached these promises and made other, material and significant misrepresentations which de-valued DelPonte's ownership interest in the company.

3.  DelPonte significantly contributed to the reputation and business of Hyde Park and was primarily responsible for several major campaigns that brought Hyde Park national attention and recognition. DelPonte was further responsible for soliciting clients, establishing new client relationships, generating business, interacting with the media and advancing the interests and profitability of the company.

4.  Sandman failed to discharge his fiduciary duties to DelPonte as a stock and stake holder in the company and undertook numerous business decisions which were questionable and which reduced the value of the company. One such enterprise undertaken by Sandman included the establishment of Hyde Park Financial Communications, a business that was initiated by Sandman over DelPonte's objections. Sandman selected a personal friend to head the operations of Hyde Park Financial Communications and the business later failed, causing significant

financial problems and liability for Hyde Park and DelPonte as an owner and shareholder of the company.

5. Sandman failed to use reasonable business judgment with respect to financial decisions impacting the company and failed to consult and seek DelPonte's consent and advice, as he was required to, before committing the company financially to bad business decisions.

6. Sandman failed to act in good faith and undertook actions which financially weakened Hyde Park Communications, Inc. and devalued DelPonte's interest in the company.

7. As a direct and proximate result of these and other malfeasance by Sandman, Hyde Park suffered revenue shortfalls and its expenses and operating costs were negatively impacted. This had a corresponding negative impact on DelPonte's finances and his property interest in the company.

8. Sandman failed to disclose and provide DelPonte with business and financial statements and other documents concerning business decisions that he undertook without DelPonte's consent or permission.

9. In July 2005, without notice and *ultra vires*, Sandman reduced DelPonte's salary in half. Sandman took this action with the intention and purpose to unfairly force DelPonte to leave the company. The reduction of the salary was also in breach of the agreements DelPonte had entered into with Plaintiffs.

10. On August 31, 2005, Sandman, without notice and *ultra vires*, terminated DelPonte's employment. Sandman took this action with the intention and purpose to unfairly force DelPonte to leave the company. The termination was also in

breach of the agreements DelPonte had entered into with Plaintiffs.  Plaintiffs have failed to pay DelPonte the back pay owed as a result of the unlawful termination and have failed to provide him with other promised employment benefits.

11. Plaintiffs failed to make full and complete profit distributions to DelPonte in 2004, 2005 and 2006, causing Mr. DelPonte further financial harm.

12. Plaintiffs have failed to act reasonably or in good faith respect to the purchase of DelPonte's outstanding shares.  As further evidence of Plaintiffs' bad faith and unfair dealing, Plaintiffs have sought to use another close personal friend of Sandman's to evaluate the value of the company and its stock.

13. Plaintiffs have made misrepresentations concerning the projects and campaigns that DelPonte worked on during his business relationship with Plaintiffs.  This has included posting information on the company's website which inappropriately took credit for work and awards that DelPonte was primarily responsible.  These misrepresentations are deceitful and have caused DelPonte embarrassment in his dealings and interactions with clients and business partners who attributed DelPonte as the principal for these various projects and awards.  As such, Plaintiffs actions in wrongly taking credit for DelPonte's work has defamed DelPonte and harmed his professional reputation.

**Count I:   Breach of Employment Contract.**

14. DelPonte adopts and incorporates by reference paragraphs 1-13 above.

15. Plaintiffs Hyde Park and Sandman breached the Employment Contract by failing to carry out numerous promises concerning his employment with Hyde Park as set

forth, *supra*, including, but not limited to, failing to pay DelPonte's full salary, benefits and other compensation.

16. As a direct and proximate result of the unlawful acts of Plaintiffs, DelPonte has suffered grievous harm to his professional career and reputation, as well as a decrease in the value of his business interest in Hyde Park. DelPonte has suffered objectively tangible harm because of Plaintiffs' unlawful actions. This harm includes, but is not limited to, loss of substantial past and future salary, awards, benefits, bonus, profit sharing, stock valuation, entitlements, loss of professional status, career-enhancing opportunities, loss of retirement savings and benefits, and other benefits, compensation and payments due to him as a result of his business relationship with Plaintiffs.

17. As a direct and proximate result of the actions by Plaintiffs, DelPonte has suffered harm to his health. Plaintiffs have caused DelPonte to suffer from great emotional distress, embarrassment, humiliation, pain and anguish, sleeplessness, loss of reputation and goodwill with business contacts and relationships, intimidation from Sandman's coercion and oppressive tactics to resolve this dispute, and duress arising from worry, concern and agony over financially providing for his family, including medical treatment for DelPonte's children. DelPonte specifically pleads special and/or consequential damages.

## **Count II:  Breach of Contract.**

18. DelPonte adopts and incorporates by reference paragraphs 1-17 above.

19. Plaintiffs Hyde Park and Sandman made numerous oral and written promises to DelPonte concerning his employment and business relationship with Plaintiffs as

set forth, *supra*.  Plaintiffs breached these oral and written promises and failed

pay DelPonte's full salary, benefits, compensation, profit distributions and other

such promises which impacted his financial stake in the company.

20.  As a direct and proximate result of the unlawful acts of Plaintiffs, DelPonte has

suffered grievous harm to his professional career and reputation, as well as a

decrease in the value of his business interest in Hyde Park.  DelPonte has suffered

objectively tangible harm because of Plaintiffs' unlawful actions.  This harm

includes, but is not limited to, loss of substantial past and future salary, awards,

benefits, bonus, profit sharing, stock valuation, entitlements, loss of professional

status, career-enhancing opportunities, loss of retirement savings and benefits, and

other benefits, compensation and payments due to him as a result of his business

relationship with Plaintiffs.

21. As a direct and proximate result of the actions by Plaintiffs, DelPonte has suffered

harm to his health.  Plaintiffs have caused DelPonte to suffer from great emotional

distress, embarrassment, humiliation, pain and anguish, sleeplessness, loss of

reputation and goodwill with business contacts and relationships, intimidation

from Sandman's coercion and oppressive tactics to resolve this dispute, and

duress arising from worry, concern and agony over financially providing for his

family, including medical treatment for DelPonte's children.  DelPonte

specifically pleads special and/or consequential damages.

### Count III: Breach of Operating Agreement.

22. DelPonte adopts and incorporates by reference paragraphs 1-21 above.

23. Plaintiffs Hyde Park and Sandman breached the Operating Agreement by failing

to make profit disbursements, to reasonably give DelPonte the full value of his shares, by failing to disclose and provide DelPonte with business and financial statements and other documents concerning business decisions undertaken by Plaintiffs, by failing to obtain DelPonte's consent or permission before committing the company financially, and by failing to otherwise discharge duties under the agreement as set forth *supra*.

24. As a direct and proximate result of the unlawful acts of Plaintiffs, DelPonte has suffered grievous harm to his professional career and reputation, as well as a decrease in the value of his business interest in Hyde Park. DelPonte has suffered objectively tangible harm because of Plaintiffs' unlawful actions. This harm includes, but is not limited to, loss of substantial past and future salary, awards, benefits, bonus, profit sharing, stock valuation, entitlements, loss of professional status, career-enhancing opportunities, loss of retirement savings and benefits, and other benefits, compensation and payments due to him as a result of his business relationship with Plaintiffs.

25. As a direct and proximate result of the actions by Plaintiffs, DelPonte has suffered harm to his health. Plaintiffs have caused DelPonte to suffer from great emotional distress, embarrassment, humiliation, pain and anguish, sleeplessness, loss of reputation and goodwill with business contacts and relationships, intimidation from Sandman's coercion and oppressive tactics to resolve this dispute, and duress arising from worry, concern and agony over financially providing for his family, including medical treatment for DelPonte's children. DelPonte specifically pleads special and/or consequential damages.

## **Count IV: Breach of Shareholder Agreement.**

26. DelPonte adopts and incorporates by reference paragraphs 1-25 above.

27. Plaintiffs Hyde Park and Sandman breached the Shareholder Agreement by failing to make profit disbursements, to reasonably give DelPonte the full value of his shares, by failing to disclose and provide DelPonte with business and financial statements and other documents concerning business decisions undertaken by Plaintiffs, by failing to obtain DelPonte's consent or permission before committing the company financially, and by failing to otherwise discharge duties under the agreement as set forth *supra*.

28. As a direct and proximate result of the unlawful acts of Plaintiffs, DelPonte has suffered grievous harm to his professional career and reputation, as well as a decrease in the value of his business interest in Hyde Park.  DelPonte has suffered objectively tangible harm because of Plaintiffs' unlawful actions.  This harm includes, but is not limited to, loss of substantial past and future salary, awards, benefits, bonus, profit sharing, stock valuation, entitlements, loss of professional status, career-enhancing opportunities, loss of retirement savings and benefits, and other benefits, compensation and payments due to him as a result of his business relationship with Plaintiffs.

29. As a direct and proximate result of the actions by Plaintiffs, DelPonte has suffered harm to his health.  Plaintiffs have caused DelPonte to suffer from great emotional distress, embarrassment, humiliation, pain and anguish, sleeplessness, loss of reputation and goodwill with business contacts and relationships, intimidation from Sandman's coercion and oppressive tactics to resolve this dispute, and

duress arising from worry, concern and agony over financially providing for his family, including medical treatment for DelPonte's children. DelPonte specifically pleads special and/or consequential damages.

### Count V: Defamation.

30. DelPonte adopts and incorporates by reference paragraphs 1-29 above.

31. Plaintiffs Hyde Park and Sandman defamed DelPonte by making material misrepresentations concerning the projects and campaigns that DelPonte worked on during his business relationship with Plaintiffs as set forth *supra*.

32. As a direct and proximate result of the unlawful acts of Plaintiffs, DelPonte has suffered grievous harm to his professional career and reputation, as well as a decrease in the value of his business interest in Hyde Park. DelPonte has suffered objectively tangible harm because of Plaintiffs' unlawful actions. This harm includes, but is not limited to, loss of substantial past and future salary, awards, benefits, bonus, profit sharing, stock valuation, entitlements, loss of professional status, career-enhancing opportunities, loss of retirement savings and benefits, and other benefits, compensation and payments due to him as a result of his business relationship with Plaintiffs.

33. As a direct and proximate result of the actions by Plaintiffs, DelPonte has suffered harm to his health. Plaintiffs have caused DelPonte to suffer from great emotional distress, embarrassment, humiliation, pain and anguish, sleeplessness, loss of reputation and goodwill with business contacts and relationships, intimidation from Sandman's coercion and oppressive tactics to resolve this dispute, and duress arising from worry, concern and agony over financially providing for his

family, including medical treatment for DelPonte's children.

## Count VI: Breach of Duty of Good Faith and Fair Dealing.

34. DelPonte adopts and incorporates by reference paragraphs 1-33 above.

35. Plaintiffs Hyde Park and Sandman breached the duty of good faith and fair dealing by failing to make profit disbursements, to reasonably give DelPonte the full value of his shares, by failing to disclose and provide DelPonte with business and financial statements and other documents concerning business decisions undertaken by Plaintiffs, by failing to obtain DelPonte's consent or permission before committing the company financially, and by failing to otherwise discharge Plaintiffs' duties set forth *supra*.

36. As a direct and proximate result of the unlawful acts of Plaintiffs, DelPonte has suffered grievous harm to his professional career and reputation, as well as a decrease in the value of his business interest in Hyde Park. DelPonte has suffered objectively tangible harm because of Plaintiffs' unlawful actions. This harm includes, but is not limited to, loss of substantial past and future salary, awards, benefits, bonus, profit sharing, stock valuation, entitlements, loss of professional status, career-enhancing opportunities, loss of retirement savings and benefits, and other benefits, compensation and payments due to him as a result of his business relationship with Plaintiffs.

37. As a direct and proximate result of the actions by Plaintiffs, DelPonte has suffered harm to his health. Plaintiffs have caused DelPonte to suffer from great emotional distress, embarrassment, humiliation, pain and anguish, sleeplessness, loss of reputation and goodwill with business contacts and relationships, intimidation

from Sandman's coercion and oppressive tactics to resolve this dispute, and duress arising from worry, concern and agony over financially providing for his family, including medical treatment for DelPonte's children. DelPonte specifically pleads special and/or consequential damages.

### Count VII: Breach of Loyalty and Care.

38. DelPonte adopts and incorporates by reference paragraphs 1-37 above.

39. Plaintiffs Hyde Park and Sandman breached the duty of loyalty and care by failing to make profit disbursements, to reasonably give DelPonte the full value of his shares, by failing to disclose and provide DelPonte with business and financial statements and other documents concerning business decisions undertaken by Plaintiffs, by failing to obtain DelPonte's consent or permission before committing the company financially, and by failing to otherwise discharge Plaintiffs' duties set forth *supra*.

40. As a direct and proximate result of the unlawful acts of Plaintiffs, DelPonte has suffered grievous harm to his professional career and reputation, as well as a decrease in the value of his business interest in Hyde Park. DelPonte has suffered objectively tangible harm because of Plaintiffs' unlawful actions. This harm includes, but is not limited to, loss of substantial past and future salary, awards, benefits, bonus, profit sharing, stock valuation, entitlements, loss of professional status, career-enhancing opportunities, loss of retirement savings and benefits, and other benefits, compensation and payments due to him as a result of his business relationship with Plaintiffs.

41. As a direct and proximate result of the actions by Plaintiffs, DelPonte has suffered

harm to his health.  Plaintiffs have caused DelPonte to suffer from great emotional distress, embarrassment, humiliation, pain and anguish, sleeplessness, loss of reputation and goodwill with business contacts and relationships, intimidation from Sandman's coercion and oppressive tactics to resolve this dispute, and duress arising from worry, concern and agony over financially providing for his family, including medical treatment for DelPonte's children.    DelPonte specifically pleads special and/or consequential damages.

### Count VIII: Breach of Fiduciary Duty to Shareholder.

42. DelPonte adopts and incorporates by reference paragraphs 1-41 above.

43. Plaintiffs Hyde Park and Sandman breached its fiduciary duty to DelPonte as a shareholder and owner of the company by failing to make profit disbursements, to reasonably give DelPonte the full value of his shares, by failing to disclose and provide DelPonte with business and financial statements and other documents concerning business decisions undertaken by Plaintiffs, by failing to obtain DelPonte's consent or permission before committing the company financially, and by failing to otherwise discharge Plaintiffs' duties set forth *supra*.

44. As a direct and proximate result of the unlawful acts of Plaintiffs, DelPonte has suffered grievous harm to his professional career and reputation, as well as a decrease in the value of his business interest in Hyde Park.  DelPonte has suffered objectively tangible harm because of Plaintiffs' unlawful actions.  This harm includes, but is not limited to, loss of substantial past and future salary, awards, benefits, bonus, profit sharing, stock valuation, entitlements, loss of professional status, career-enhancing opportunities, loss of retirement savings and benefits, and

other benefits, compensation and payments due to him as a result of his business relationship with Plaintiffs.

45. As a direct and proximate result of the actions by Plaintiffs, DelPonte has suffered harm to his health.  Plaintiffs have caused DelPonte to suffer from great emotional distress, embarrassment, humiliation, pain and anguish, sleeplessness, loss of reputation and goodwill with business contacts and relationships, intimidation from Sandman's coercion and oppressive tactics to resolve this dispute, and duress arising from worry, concern and agony over financially providing for his family, including medical treatment for DelPonte's children.  DelPonte specifically pleads special and/or consequential damages.

### Count IX: Negligent Misrepresentation.

46. DelPonte adopts and incorporates by reference paragraphs 1-45 above.

47. Plaintiffs Hyde Park and Sandman made negligent misrepresentations by failing to truthfully disclose the projects and campaigns that DelPonte worked on during his business relationship with Plaintiffs as set forth *supra*.  Plaintiff further made several negligent misrepresentations concerning DelPonte's business relationship with the company, the interests and profitability of the company, and business decisions impacting the company, as set forth *supra*.

48. As a direct and proximate result of the unlawful acts of Plaintiffs, DelPonte has suffered grievous harm to his professional career and reputation, as well as a decrease in the value of his business interest in Hyde Park.  DelPonte has suffered objectively tangible harm because of Plaintiffs' unlawful actions.  This harm includes, but is not limited to, loss of substantial past and future salary, awards,

benefits, bonus, profit sharing, stock valuation, entitlements, loss of professional status, career-enhancing opportunities, loss of retirement savings and benefits, and other benefits, compensation and payments due to him as a result of his business relationship with Plaintiffs.

49. As a direct and proximate result of the actions by Plaintiffs, DelPonte has suffered harm to his health. Plaintiffs have caused DelPonte to suffer from great emotional distress, embarrassment, humiliation, pain and anguish, sleeplessness, loss of reputation and goodwill with business contacts and relationships, intimidation from Sandman's coercion and oppressive tactics to resolve this dispute, and duress arising from worry, concern and agony over financially providing for his family, including medical treatment for DelPonte's children.

WHEREFORE, DelPonte demands judgment against the Plaintiffs and respectfully requests the Court to:

A.     Enter judgment for Defendant DelPonte against Plaintiffs on all Counts;

B.     Declare that the conduct of Plaintiffs is in violation of each of the Counts set forth above;

C.     Award Defendant DelPonte past and future salary, benefits, lost bonuses and awards, profit sharing, stock valuation, entitlements, loss of retirement savings and benefits, and other compensation and payments due to him as a result of his business relationship with Plaintiffs;

D.     Award Defendant DelPonte compensatory damages for the injuries and losses that he suffered in an amount to be proved at trial;

E.     Award Defendant DelPonte special and/or consequential damages for the

injuries and losses that he suffered in an amount to be proved at trial;

      F.    Award Defendant DelPonte punitive damages for the injuries and losses that he suffered in an amount to be proved at trial;

      G.    Order Plaintiffs to pay all reasonable attorneys' fees, court costs, and expenses Defendant DelPonte has and will incur as a result of Plaintiffs actions and inactions, as well as pre-judgment and post-judgment interest; and,

      H.    Order such other equitable and legal relief as the Court deems necessary and appropriate.

      I.    Defendant DelPonte requests a trial by a jury of his peers as to all claims set forth in this Counterclaims.

Dated: May 17, 2006          Respectfully submitted,

                    _____/s_____
                    Camilla C. McKinney, Esq.
                    D.C. Bar No. 448776
                    Law Offices of Camilla C. McKinney, PLLC
                    1100 Fifteenth Street, N.W., Suite 300
                    Washington, D.C. 20005
                    (202) 861-2934/(202) 517-9111 (fax)
                    Attorney for Defendant Paul DelPonte

## CERTIFICATE OF SERVICE

      I hereby certify that on this 17th day of May 2006, I caused a true and correct copy of the foregoing Answer and Counterclaims, to be served electronically, via the CM-ECF system, to:

Fred Bert Goldberg
Spirer and Goldberg, PC
7101 Wisconsin Avenue, Suite 1201
Bethesda, MD 20814
Counsel for Plaintiffs

                    _____/s_____
                    Camilla C. McKinney