UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HYDE PARK COMMUNICATIONS, INC., et al., )<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　Plaintiffs,　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　v.　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>PAUL DELPONTE,　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　Defendant.　　　　　　　　　　　　　) | Civil Action No. 06-00655<br>(HKK) |

**PLAINTIFFS' PARTIAL MOTION TO DISMISS COUNTERCLAIM
FOR FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED**

Come now Plaintiffs Hyde Park Communications, Inc. ("Hyde Park") and Jeffrey M. Sandman ("Sandman"), by and through their counsel, and respectfully request that, pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court dismiss numerous of the claims in the counterclaim of defendant Paul DelPonte's (hereinafter "DelPonte") on the following bases, as more fully set forth in the accompanying memorandum.

Counts I, II, III, IV, and VI wrongfully seek mental anguish damages for alleged breaches of contract. Counterclaim, ¶¶ 17, 21, 25, 29, 37. Mental anguish damages are not recoverable in an action for breach of contract in the District of Columbia.

Count III of the Counterclaim alleges a breach of obligations that Hyde Park and Sandman made as purported parties with DelPonte to an operating agreement. Counterclaim, ¶ 2. An operating agreement by its terms is an agreement among the members of a limited liability company and not among shareholders of a corporation such as Hyde Park.

1

Count V of the Counterclaim fails to state a cause of action under District of Columbia law for defamation in that it omits to set forth with particularity the alleged defamatory statements and cannot establish that the statements were false or misleading.

Count VI of the Counterclaim asserts a claim for damages for the breach of a duty of good faith and fair dealing that is duplicative of the claim in Count III.

Count VII of the Counterclaim asserts a claim for breach of loyalty and care against Hyde Park. A corporation itself has no duty of care and loyalty to its shareholders.

Count VII of the Counterclaim asserts a claim for breach of loyalty and care against Sandman for causing the corporation to fail to take certain actions. These claims belong to the corporation itself and not personally to DelPonte, and they can only be pursued by a shareholder such as DelPonte derivatively on behalf of the corporation.

Count VIII is substantially duplicative of Count VII.

Count IX alleges that Hyde Park and Sandman negligently misrepresented DelPonte's role in Hyde Park to third parties. Even if the allegation were true, any claim for negligent misrepresentation would belong to the third parties who were allegedly misled and not to DelPonte.

    Respectfully submitted,
SPIRER & GOLDBERG, P.C.

    _____/s/_____
Fred B. Goldberg
Bar #279893
7101 Wisconsin Avenue
Suite 1201
Bethesda, MD 20814
(301) 654-3300

Attorney for Plaintiffs / Counter Defendants