UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HYDE PARK COMMUNICATIONS, INC., et al., ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> PAUL DELPONTE, ) <br> ) <br>     Defendant. ) | Civil Action No. 06-00655 <br> (HKK) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' PARTIAL
MOTION TO DISMISS COUNTERCLAIM FOR FAILURE
TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED**

Plaintiffs Hyde Park Communications, Inc. (hereinafter "Hyde Park") and Jeffrey M. Sandman (hereinafter "Sandman"), by and through counsel, provide the following in support of their partial motion to dismiss certain claims asserted in the Counterclaim filed by Defendant Paul DelPonte (hereinafter "DelPonte"), as follows:

**I.    Counts I, II, III, IV, and VI Wrongfully Seek Mental
       Anguish Damages for Alleged Breaches of Contract.**

As part of his claim for relief for alleged breaches of various agreements in Counts I, II, III, IV, and VI, DelPonte seeks to recover for "harm to his health," specifically "emotional distress, embarrassment, humiliation, pain and anguish, sleeplessness, loss of reputation and goodwill . . ., and duress arising from worry, concern and agony . . . ."  Counterclaim, ¶¶ 17, 21, 25, 29, and 37.  Mental anguish damages such as these are not recoverable in an action for breach of contract in the District of Columbia.  "Some type of mental anguish, anxiety, or distress is apt to result from the breach of any contract which causes pecuniary loss.  Yet damages therefor are deemed to be too remote to have been in the contemplation of the parties at the

1

time the contract was entered into to be considered as an element of compensatory damages." Pfeffer v. Ernst, 82 A.2d 763, 764 (D.C. 1951) (quoting Lamm v. Shingleton, 231 N.C. 10, 14, 55 S.E.2d 810, 813 (N.C. 1948)); Howard Univ. v. Baten, 632 A.2d 389 (D.C. 1993). The claim for these damages should be dismissed.

## II.     Count III Wrongfully Alleges a Breach of an Operating Agreement by Hyde Park.

Count III of the Counterclaim alleges a breach of obligations that Hyde Park and Sandman purportedly incurred as parties with DelPonte to an operating agreement. Counterclaim, ¶¶ 2 and 23. An operating agreement by its terms is an agreement among the members of a limited liability company. D.C. Code § 29-1018(a) ("The members of a limited liability company may enter into an operating agreement to regulate or establish the affairs of the limited liability company, the conduct of its business and the relations of its members."). The Counterclaim does not (and cannot) assert that Hyde Park is or was a member with DelPonte of any limited liability company, and Hyde Park accordingly cannot be liable to DelPonte as a party to any operating agreement made between them. Count III should, accordingly, be dismissed as to Hyde Park.

## III.    Count V of the Counterclaim Fails to Set Forth a Cognizable Claim for Defamation.

Count V of the Counterclaim should be dismissed in that it fails to state a cause of action under District of Columbia law for defamation. As more fully set forth below, DelPonte's allegations fail to meet the elements of a claim of defamation in that they omit to set forth with particularity the alleged defamatory statements and cannot aver that the statements were false or misleading.

      A.    **The Counterclaim Fails to Plead the Averments of Defamation with Particularity.**

In Count V, DelPonte claims that Hyde Park and Sandman defamed him in that Hyde Park and Sandman allegedly "made misrepresentations concerning the projects and campaigns that DelPonte worked on during his business relationship with Plaintiffs. This has included posting information on the company's website which inappropriately took credit for work and awards that DelPonte was primarily responsible [sic]." Counterclaim, ¶¶ 13 and 31.

These assertions do not make out a claim for defamation under District of Columbia law in that they fail to set forth the particulars of the defamatory statements. No details are included as to any of the alleged defamatory statements other than ones in which Hyde Park allegedly took credit for DelPonte's accomplishments. Even as to these last, the complaint fails, as required, to set forth the text of the alleged defamatory statements.

Under District of Columbia law, defamatory claims must be averred with particularity. They "are subject to a heightened pleading standard. To survive a motion to dismiss, all averments of defamation must be plead with particularity. Conclusory statements averring defamation are insufficient to state a claim." Black v. NFL Players Ass'n, 87 F. Supp. 2d 1, 6 (D.D.C. 2000) (citations and internal quotations omitted). Specifically, a claim for defamation must "plead the time, place, content, speaker and listener of the alleged defamatory matter." Id.

There is indeed ample authority that the exact text of the alleged defamatory statements should be set forth so as to enable the defendant to frame a response and defense. "The use of in haec verba pleadings on defamation charges is favored in the federal courts because generally knowledge of the exact language used is necessary to form responsive pleadings." Hoffman v.

Hill & Knowlton, Inc., 777 F. Supp. 1003, 1005 (D.D.C. 1991) (quoting Asay v. Hallmark Cards, Inc., 594 F.2d 692, 699 (8th Cir. 1979)).

The assertions in the complaint are woefully deficient. As to all of the allegations other than the asserted web site misrepresentations, Hyde Park has no way of knowing what misrepresentations, what projects or campaigns, what time, what place, and what listener. As to the misrepresentations alleged to have been made on the web site, Hyde Park does not know what statements and when those statements may have been made. The claim should accordingly be dismissed for want of particularity in the pleadings.

### B.   DelPonte Cannot Claim that the Statements Were False or Misleading.

The only statement which DelPonte specifically identifies as defamatory was information posted on Hyde Park's website in which Hyde Park allegedly took credit for work performed by DelPonte. Counterclaim, ¶¶ 13 and 31. DelPonte acknowledges that he performed this work while employed by Hyde Park. Counterclaim, ¶ 3. Accordingly, Hyde Park has every right to take credit for the work of DelPonte, its employee. Any work of DelPonte was ipso facto the work of Hyde Park.

To be actionable as defamation in the District of Columbia, statements must be false (Croixland Prop. Ltd. P'ship. v. Corcoran, 174 F.3d 213 (D.C. Cir. 1999)) or at least misleading (Novecon, Ltd. v. Bulgarian-Am. Enter. Fund, 977 F. Supp. 52, 56 (D.D.C. 1997) ("A cause of action for defamation requires first and foremost that the communication in question be false or misleading.")). There can be nothing false or misleading in a company's claiming credit for the work performed for the company by one of its employees.

For failing to provide particulars of the alleged defamatory statements and for claiming defamation from statements that can be neither misleading nor false, the claim of defamation must fail.

**IV.    The Claim in Count VI for a Breach of a Duty of Good Faith and Fair Dealing Merely Duplicates the Claims for Breach of the Operating Agreement.**

The Counterclaim asserts, as a separate cause of action in Count VI, a claim for damages for the breach of a duty of good faith and fair dealing. The allegations of wrongdoing set forth in the Count are identical to those alleged in Count III for breach of the Operating Agreement. Counterclaim, ¶¶ 23 and 35.

This court has recently held that, in the District of Columbia, "[B]reach of the implied covenant [of good faith and fair dealing] is not an independent cause of action when the allegations are identical to other claims for relief under established cause[s] of action." Washington Metro. Area Transit Auth. v. Quik Serve Foods, Inc., 2006 U.S. Dist. LEXIS 24510 at *14 (D.D.C. 2006). Accordingly, this count must be dismissed.

**V.    Count VII of the Counterclaim Wrongfully Asserts a Claim for Breach of Fiduciary Duty Against Hyde Park.**

Count VII of the Counterclaim asserts a claim for breach of loyalty and care against Hyde Park. No case law in the District of Columbia of which Hyde Park is aware supports the proposition that a corporation itself, as opposed to its director, officer, or other principals, has a duty of care and loyalty to its shareholders. Count VII, as it applies to Hyde Park, must accordingly be dismissed.

VI.   **Count VII of the Counterclaim Wrongfully Asserts a Claim on Behalf of DelPonte for Breach of Sandman's Fiduciary Duty.**

Count VII of the Counterclaim asserts a claim for breach of loyalty and care against Sandman for causing the corporation to fail (a) to make profit distributions, (b) to offer DelPonte a sufficient value for his shares, (c) to disclose certain information, and (d) to get DelPonte's permission before making certain financial commitments. Counterclaim, ¶ 39. These claims, to the extent cognizable at all, belong to the corporation and not personally to DelPonte. They can only be pursued by a shareholder such as DelPonte derivatively on behalf of the corporation. "In fact the general rule is that a shareholder has no general right of action against a director who defrauds or mismanages a corporation because the primary duty breached is to the corporation even when the effect reaches the value of the shareholders stock. It is the corporation which has the right of action; the derivative suit is the means." Johnson v. Am. Gen. Ins. Co., 296 F. Supp. 802, 810 (D.D.C. 1969) (footnotes omitted). For the foregoing reasons, Count VII as it applies to Sandman must be dismissed.

VII.   **Count VIII is Merely Duplicative of Count VII.**

Count VIII is identical to Count VII but for the substitution of the phrase "its fiduciary duty" in paragraph 43 for the phrase "the duty of loyalty and care" in paragraph 39. In the context of a claim against corporate principals, the two phrases are identical and describe the same obligation. See, e.g., Stern v. Lucy Webb Hayes Nat'l Training Sch. for Deaconesses & Missionaries, 381 F. Supp. 1003, 1017 (D.D.C. 1974) ("[The Court] must now consider the appropriate relief in light of its finding that the defendant trustees have breached their <u>fiduciary duties of care and loyalty</u> to the Hospital.") (emphasis supplied). Duplicative counts in a

complaint should be stricken for purposes of judicial economy.  See Washington Metro. Area Transit Auth. v. Quik Serve Foods, Inc., 2006 U.S. Dist. LEXIS 24510 at ** 13-16.  For this reason, Count VIII should be dismissed.  Moreover, if Count VIII is not dismissed on this ground, it should be dismissed for the reasons adduced in the discussion of Count VII, supra, sections V and VI.

### VIII. Count IX for Negligent Misrepresentation Fails for the Reason that DelPonte Could Not have been Misled to his Detriment by the Alleged Misrepresentations.

DelPonte alleges in Count IX that Hyde Park and Sandman negligently misrepresented DelPonte's role in Hyde Park to third parties.  Counterclaim, ¶ 47.  The claim must fail because, even if the allegation were true, any claim for negligent misrepresentation would belong to the third parties who were allegedly misled and not to DelPonte.  DelPonte could not have been misled about his own role in Hyde Park's activities and could not, accordingly, have suffered any injury from such reliance.

In order to make out a claim for negligent misrepresentation in the District of Columbia, a plaintiff must establish that the defendant "(1) . . . made a false statement or omitted a fact that he had a duty to disclose; (2) that it involved a material issue; and (3) that [the plaintiff] reasonably relied upon the false statement or omission to his detriment for the period of time at issue in this case."  Redmond v. State Farm Ins. Co., 728 A.2d 1202, 1207 (D.C. 1999).  DelPonte could hardly have relied upon a statement made by Hyde Park or Sandman as to information uniquely within the province of DelPonte to know, i.e., the role that DelPonte played in Hyde Park's work.  Moreover, such reliance (as opposed to the statements themselves) could not have caused DelPonte injury.  For these reasons, Count IX must be dismissed.

**Conclusion.**

For the foregoing reasons, the claims for damages asserted in paragraphs 17, 21, 25, 29, and 37 of the Counterclaim should be dismissed with prejudice; Courts V, VI, VII, VIII, and XI should be dismissed with prejudice; and Count III of the Counterclaim should be dismissed at to Hyde Park.

Respectfully submitted,
SPIRER & GOLDBERG, P.C.

_____/s/_____
Fred B. Goldberg
Bar #279893
7101 Wisconsin Avenue
Suite 1201
Bethesda, MD 20814
(301) 654-3300

Attorney for Plaintiffs / Counter Defendants
