UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

HYDE PARK COMMUNICATIONS, INC., et al.,   )
                                                                                   )
        Plaintiffs,                                     )
                                                                         )
            v.                                         )         Civil Action No. 06-00655
                                                                         )         (HKK)
PAUL DELPONTE,                              )
                                                                         )
        Defendant.                                   )

**PARTIAL ANSWER OF HYDE PARK
COMMUNICATIONS, INC. TO COUNTERCLAIM**

       Plaintiff Hyde Park Communications, Inc. (hereinafter "Hyde Park"), by and through counsel, answers defendant Paul DelPonte's (hereinafter "DelPonte") Counterclaim as follows:

       1.       The allegations in paragraph 1 are admitted to the extent that they allege that DelPonte helped found Hyde Park in February 2000 and is a part owner and shareholder of Hyde Park. The rest of the allegations in paragraph 1 are denied.

       2.       The allegations in the first sentence in paragraph 2 are admitted to the extent that they allege that DelPonte entered into an employment agreement with Hyde Park (the "Employment Agreement") and an operating agreement with Jeffrey M. Sandman. The allegations in the second and third sentences in paragraph 2 are denied.

       3.       The allegations in the first sentence in paragraph 3 are denied. The allegations in the second sentence in paragraph 3 are admitted to the extent that they allege that DelPonte's responsibilities as part of his employment included the activities listed.

       4.       The allegations in paragraph 4 are denied.

       5.       The allegations in paragraph 5 are denied.

6. The allegations in paragraph 6 are denied.

7. The allegations in paragraph 7 are denied.

8. The allegations in paragraph 8 are denied.

9. The allegations in paragraph 9 are denied.

10. The allegations in paragraph 10 are denied.

11. The allegations in paragraph 11 are denied.

12. The allegations in paragraph 12 are denied.

13. The allegations in paragraph 13 are denied.

## Count I - Breach of Employment Contract

14. The responses set forth above are herein incorporated.

15. The allegations in paragraph 15 are denied.

16. The allegations in paragraph 16 are denied.

17. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 17 and therefore does not answer these allegations.

## Count II - Breach of Contract.

18. The responses set forth above are herein incorporated.

19. The allegations in paragraph 19 are denied.

20. The allegations in paragraph 20 are denied.

21. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 21 and therefore does not answer these allegations.

## Count III - Breach of Operating Agreement

22. The responses set forth above are herein incorporated.

23. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 23 and therefore does not answer these allegations.

24. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 24 and therefore does not answer these allegations.

25. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 25 and therefore does not answer these allegations.

### Count IV - Breach of Shareholder Agreement

26. The responses set forth above are herein incorporated.

27. The allegations in paragraph 27 are denied.

28. The allegations in paragraph 28 are denied.

29. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 29 and therefore does not answer these allegations.

### Count V - Defamation

30. The responses set forth above are herein incorporated.

31. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 31 and therefore does not answer these allegations.

32. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 32 and therefore does not answer these allegations.

33. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 33 and therefore does not answer these allegations.

### Count VI - Breach of Duty of Good Faith and Fair Dealing

34. The responses set forth above are herein incorporated.

35. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 35 and therefore does not answer these allegations.

36. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 36 and therefore does not answer these allegations.

37. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 37 and therefore does not answer these allegations.

### Count VII - Breach of Loyalty and Care

38. The responses set forth above are herein incorporated.

39. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 39 and therefore does not answer these allegations.

40. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 40 and therefore does not answer these allegations.

41. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 41 and therefore does not answer these allegations.

### Count VIII - Breach of Fiduciary Duty to Shareholder

42. The responses set forth above are herein incorporated.

43. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 43 and therefore does not answer these allegations.

44. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 44 and therefore does not answer these allegations.

45. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 45 and therefore does not answer these allegations.

## Count IX - Negligent Misrepresentation

46. The responses set forth above are herein incorporated.

47. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 47 and therefore does not answer these allegations.

48. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 48 and therefore does not answer these allegations.

49. Hyde Park has filed a motion to dismiss the claims set forth in paragraph 49 and therefore does not answer these allegations.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Hyde Park asserts as follows:

First Defense

DelPonte fails to state a claim upon which relief can be granted.

Second Defense

DelPonte's claims are barred by setoff and recoupment.

Third Defense

DelPonte's claims are barred by breach of contract.

Fourth Defense

DelPonte's claims are not recoverable under the employment agreement with Hyde Park.

Fifth Defense

DelPonte's claims are not recoverable under the shareholder agreement.

Sixth Defense

DelPonte's claims are barred by unclean hands.

Seventh Defense

    DelPonte's claims are barred by his failure to mitigate damages, if any.

Eighth Defense

    DelPonte's claims are barred by the statute of frauds.

Ninth Defense

    DelPonte's claims are barred by the failure of consideration.

Tenth Defense

    DelPonte's claims are barred by lack of subject matter jurisdiction.

Eleventh Defense

    DelPonte's claims are barred by waiver.

Twelfth Defense

    DelPonte's claims are barred by laches.

Thirteenth Defense

    DelPonte's claims are barred by estoppel.

Fourteenth Defense

    DelPonte's claims are barred by the statute of limitations.

WHEREFORE, having fully answered, Hyde Park Communications, Inc. respectfully requests that the Court enter judgment in its favor, dismiss Paul DelPonte's Counterclaim with prejudice, and award Hyde Park Communications, Inc. costs, expenses, attorneys' fees, and such other additional relief as the Court may deem appropriate.

    Respectfully submitted,
    SPIRER & GOLDBERG, P.C.


    _____/s/_____
    Fred B. Goldberg
    Bar #279893
    7101 Wisconsin Avenue
    Suite 1201
    Bethesda, MD 20814
    (301) 654-3300

    Attorney for Plaintiffs / Counter Defendants